UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EARL D. BURGESS, #1063932,

        Petitioner,

v.                                                     ACTION NO. 2:18-cv-479

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Earl D. Burgess ("Burgess" or "Petitioner") is a Virginia inmate sentenced to 68 years' imprisonment following his convictions for first degree murder, malicious wounding, and two counts of use of a firearm. His federal petition for habeas corpus challenges the calculation of his sentence and projected release date. Respondent moved to dismiss the petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

Burgess has properly exhausted his claims by presenting his sentence calculation complaints in state habeas proceedings, but he does not plausibly allege entitlement to federal relief under the deferential standard of 28 U.S.C. § 2254(d). Accordingly, this Report RECOMMENDS that the court GRANT Respondent's Motion to Dismiss (ECF No. 5) and DISMISS the Petition (ECF No. 1) with prejudice.

## I. STATEMENT OF THE CASE

Burgess filed a pro sé petition for writ of habeas corpus with this court pursuant to 28 U.S.C. § 2241[1] on September 10, 2018, challenging the calculation of the sentences he received as a result of his convictions for first degree murder, malicious wounding, and two counts of use of a firearm on July 16, 2004, in the Newport News Circuit Court. Pet. (ECF No. 1). His petition argues that his projected release date of February 13, 2062 is incorrect because the Virginia Department of Corrections (VDOC) has not credited him with the more than two years he spent in pretrial custody. He included two attachments with his petition: (1) an Order from the Circuit Court for the City of Newport News denying and dismissing his state habeas petition, and (2) an Order from the Supreme Court of Virginia refusing his state habeas petition for appeal. Pet. 23–25. This court ordered Respondent Harold W. Clarke ("Respondent") to file an answer that conformed with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, together with the attachments specified in Rule 5, and if appropriate, a motion to dismiss. Order 1–2 (ECF No. 2).

Respondent filed a Motion to Dismiss, asserting (1) that the state habeas finding that Burgess's jail and good time credits had been appropriately calculated operated as an adjudication on the merits entitled to deference under U.S.C. § 2254; and (2) that Burgess's habeas claim was without merit. Mem. Supp. Mot. Dismiss 1 (ECF No. 6). In support of his Motion, Respondent included the Affidavit of Wendy K. Brown, Legal Services and Community Release Manager for the VDOC, that summarized the calculation of Burgess's sentence resulting in his projected release

---

[1] While Burgess's habeas claims do not properly arise under 28 U.S.C. § 2241, this court is permitted to treat his § 2241 petition as if it were an application under § 2254. In re Wright, 826 F.3d 774, 778–79 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for the purposes of § 2244(b), even if they challenge the execution of a state sentence.").

2

date. Id. Ex. 1 (ECF No. 6-1). In conjunction with his Motion, and in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Respondent filed an appropriate notice to Burgess, who is proceeding pro sé. Notice (ECF No. 7).

On November 9, 2018, Burgess filed a Response to Respondent's Motion to Dismiss, continuing to allege that the VDOC's sentencing calculations were incorrect and could be disproven by "simple math." Pet'r's Resp. Resp't's Mot. Dismiss 2 (ECF No. 8). Burgess argues that if the VDOC had calculated his good time credit from the time of his arrest – October 9, 2002 – rather than from the time that he became a VDOC-responsible prisoner – March 7, 2005 – his approximate release date would be in 2059, not 2062 as Respondent's Affidavit indicates. Id. at 3. Because the state habeas court summarily rejected his prior habeas petition, he claims the state court's decision is not entitled to a presumption of correctness because its decision was "facially false." Id.

After reviewing Burgess' petition and the policies underlying earned sentence credit (ESC) in Virginia prisons, this Report concludes Burgess' projected release date in 2062 is accurate, and the calculation errors he complains of stem from an apparently common misunderstanding about the way VDOC calculates future earned good time credit when estimating a projected release date. As the VDOC calculations are correct, Burgess cannot meet the deferential standard of review under § 2254(d) and the court should deny his Petition.

## II. <u>RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Petitions for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the

3

absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in the state proceeding. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).

Here, Burgess filed a state habeas petition in the Circuit Court for the City of Newport News, which denied his claims on their merits. Pet. 23–24 (ECF No. 1). He also appealed the Circuit Court's decision to the Virginia Supreme Court, which refused his petition. Pet. 25. Thus, all of the claims Burgess asserts in his federal petition are exhausted.

Once a petitioner's state remedies have been exhausted, a federal court still may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2). Therefore, the court is obliged to analyze this claim under 28 U.S.C. § 2254(d) by assessing the reasonableness of the state courts' reasoned decisions which affirmed the calculation of Burgess' sentence and denied his state petition for a writ of habeas corpus. See Wilson v. Sellers, 138 S. Ct. 1188, 1193-94 (2018) (holding that federal habeas court looks to the last reasoned state court judgment in assessing reasonableness).

A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law

4

if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. A state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528 (2003). Thus, to obtain review in this court, Burgess must identify an unreasonable application of federal law, or an unreasonable finding of fact in the state court's affirmation of VDOC's sentencing calculations.[2]

A. **Burgess cannot show that state sentence calculations resulting in a projected release date of February 13, 2062 are based on an unreasonable determination of fact.**

To obtain review in this court Burgess must show that the state court's decision rejecting his habeas petition and affirming his projected release date was based on an unreasonable finding of fact. He claims to have met his burden by demonstrating that the calculated projected release date fails to account for both his pretrial detention and projected earned good time credit. Pet'r's. Resp. 3 (ECF No. 8). His disagreement is premised on a calculation of his own which is repeated three times in his responsive brief. Id. ¶¶ 10 – 12. According to Burgess, his 68-year sentence is equal to "approx. 57.8 years with good time." Id. This figure is incorrect, but Burgess arrives at it by way of an understandable error of logic which merits explanation.[3] Prisoners receiving Earned Sentence Credit ("ESC") at the highest level earn 4.5 days for every 30 days served. Because 4.5 days is 15% of 30 days, Burgess reasons that he will receive a 15% reduction in his

---

[2] The Respondent alternatively argues that Burgess would not be entitled to habeas relief in any event because the calculation he complains of relates only to an admittedly-estimated release date years in the future. See Higdon v. Jarvis, No. 7:11cv330, 2012 WL 738731, at *4-5 (W.D. Va. Mar. 5, 2012) (dismissing habeas petitioner's challenge to future release date because it did not "inevitably affect the duration of his sentence") (quoting Sandin v. Conner, 515 U.S. 472, 487 (1995)). Because this Report concludes that Burgess cannot make the showing required under § 2254(d), it does not reach the issue of whether Burgess' calculation complaints would otherwise give rise to a constitutional claim.

[3] The same error is apparently the source of frequent confusion for VDOC inmates and their families. See Sandy Hausman, Families Baffled by Prison Release Dates, Radio IQ: WVTF (Aug. 12, 2016), https://www.wvtf.org/post/families-baffled-prison-release-dates#stream/0.

total sentence if he earns ESC at the highest rate throughout his sentence. Thus, he calculates he would only have to serve 57.8 years of his 68-year sentence (68 years x .85 = 57.8 years).

But as Respondent observes, "[c]alculating the projected release dates for offenders is not simply adding and subtracting days to and from their records." Mem. Ex. 1, at 3 (ECF No. 6-1). And though Respondent's affidavit does not disclose how the VDOC calculated Burgess's release date, the court has made its own calculations and determined that VDOC's projected release date is consistent with its stated policies and with a verifiable formula for estimating his future ESC. To clarify the basis for the VDOC's projection of Burgess's release date, a detailed summary of the VDOC process follows. Although the mathematics are somewhat complicated, the error in Burgess' alternate calculation is best explained by clarifying that ESC is only earned on the time he will actually serve. As a result, his projected sentence cannot be accurately estimated by simply multiplying the rate of .85 by the total sentence because as ESC is earned, the total sentence is reduced. In the case of Burgess' 68-year sentence, his projected good time will reduce his expected total sentence by over 8 years, but ESC credit is not earned or due on this unserved time.

The Respondent's briefing outlines the VDOC's Operating Procedures that establish a "process for administering good time awards" for offenders incarcerated in both local jails and VDOC institutions. Va. Dep't Corr., Operating Procedure 830.3, Good Time Awards § I (2019) [hereinafter VDOC Operating Procedure], https://vadoc.virginia.gov/about/procedures/documents/800/830-3.pdf. Inmates who committed felony offenses on or after January 1, 1995 earn ESC at various rates based on evaluations of their behavior and performance while in custody. Id. § IV (A)(3), (B)(1) – (2). An offender who is first incarcerated before trial receives an initial assignment as an "unclassified offender." Id. § IV(B)(1). This assignment lasts until his Custody Responsibility Date ("CRD")—the date on which he becomes "state responsible." Id. § III.

In addition to credit for the time actually detained before trial, unclassified offenders are eligible to earn ESC at a rate of 2.25 days for every 30 days of pretrial detention served. Id. § IV(B)(1). From the time of his arrest on October 9, 2002, until his CRD on March 7, 2005, Burgess was an unclassified offender. See Mem. Supp. Mot. Dismiss Ex. 1, at 1–2 (ECF No. 6-1); see also VDOC Operating Procedure § IV (B)(1). As Respondent notes, Burgess received a total of 880 days of jail credit for his pretrial detention. Mem. Ex. 1, at 2. He also earned ESC at a rate of 2.25 days per 30 days served during that time.[4]

Following his conviction and sentence, Burgess was transferred to VDOC custody where he became a state-responsible offender. Thereafter, he was eligible to earn a maximum of 4.5 days of ESC for every 30 days served. VDOC Operating Procedure § IV(B)(1). Burgess became a state-responsible offender on March 7, 2005. Mem. Ex. 1, at 1. He is currently assigned to Class Level I and is presently earning 4.5 days of ESC for every 30 days served. Id., at 10; Pet'r's Resp. Mot. Dismiss 2.

### i. Calculating Burgess' total estimated active sentence

Accurately calculating a projected release date under these policies begins by identifying the total sentence imposed. Burgess's total sentence is actually for 68 years and 30 days because in addition to his felony convictions he received a simultaneous 30-day sentence on a misdemeanor charge which he must also serve. Each year includes 365.25 days, the extra .25 is included to account for leap years. Thus, 68 years multiplied by 365.25 days per year equals 24,837 days. To

---

[4] While the VODC's Operating Procedures clearly indicate that unclassified offenders may earn ESC at a rate of 2.25 days for every 30 days served, and while Respondent's Affidavit clearly indicates that Burgess earned jail credit before he became a state-responsible offender, Respondent's Affidavit does not clearly indicate the rate at which Burgess earned ESC while serving time as an unclassified offender. Any variation in his ESC rate, however, would not materially affect his entitlement to habeas relief.

account for the additional 30 days Petitioner must serve, 30 days are added to the total to equal a total active sentence of 24,867 days.

### ii. Earned Sentence Credit as an Unclassified Offender

Burgess served 880 days in jail before sentencing as an unclassified offender. During that time, Burgess also earned 2.25 days of ESC at the unclassified rate for every 30 days served. To determine Burgess's earned ESC as an unclassified offender, the total time he served as an unclassified offender, 880 days, must be divided by the number of days per credit cycle (30 days), and then multiplied by the rate at which ESC was earned, 2.25. This equals 66 days (880 ÷ 30 x 2.25 = 66 days).

To determine the full amount of credit that Burgess received for his pre-trial incarceration, the 66 days of ESC are then added to the 880 days of jail credit resulting in 946 days. Next, the 946 credited days are subtracted from the total number of days of Burgess's sentence, 24,867 days. Thus, after accounting for Burgess' pretrial jail credit and the ESC he earned as an unclassified offender, the approximate total number of days Burgess had left to serve, beginning from his CRD, or the first date of the VDOC's custody (March 7, 2005) was 23,921 days (24,867 – 946 = 23,921).

### iii. Earned Sentence Credit as a State-Responsible Offender

Tom Kriete, Professor Emeritus of Mathematics at the University of Virginia, explained the VDOC sentencing process to Virginia public radio news reporter Sandy Hausman, who was reporting on the calculation confusion.[5] Because Burgess is currently assigned to Class Level I, he is currently earning 4.5 days of ESC for every 30 days served. This means that for every 30-day period that Burgess retains his Class Level I status, the VDOC will credit him with 30 days

---

[5] Sandy Hausman, Families Baffled by Prison Release Dates, Radio IQ: WVTF (Aug. 12, 2016), https://www.wvtf.org/post/families-baffled-prison-release-dates#stream/0.

8

plus 4.5 days of ESC against his remaining sentence. Thus, as long as he remains a Level I offender, Burgess will receive 1.15 days of credit against his sentence for every day he actually serves at the Class Level I ($34.5 \div 30 = 1.15$). Professor Kriete used this daily rate to create a simple equation that would calculate the projected number of days remaining on an inmate's sentence after all of the offender's projected ESC has been factored in. He first notes that every day served at Class Level I will reduce the sentence by 1.15 days. The question to be answered by the equation is how many of these Class Level I days will it take to discharge the remaining sentence. In numerical form, Professor Kriete's formula is: $1.15x = R$, where x is equal to the number of days the offender will <u>actually serve</u> after taking all estimated ESC into account and R is equal to the days remaining on the inmate's sentence. Id. Applying this formula to Burgess's sentence beginning on his first day as a state responsible offender, (R) equals 23,921. Thus, the equation with known variables becomes $1.15x = 23,921$. And solving this equation for x yields a total projected sentence of 20,801 days. Therefore, after all of Burgess's ESC has been taken into account, his projected sentence, assuming he continues to earn ESC at Class Level I, is a total of 20,801 days from the date he first became a state responsible offender.

To determine whether the VDOC's projected release date of February 13, 2062, comports with this estimate, it is necessary to convert the 20,801-day sentence back into years. Dividing 20,801 days by 365.25 days per year equals 56.95 years, or 56 years and 11.4 months. After adding 56 years and 11.4 months to the original date that Burgess became a state-responsible offender – March 7, 2005 – it is clear that the result fairly comports with the VDOC's projected release date of February 13, 2062[6] and does not comport with Burgess's calculated release date in 2059.

---

[6] The minor difference is likely attributable to time between Burgess' CRD, March 7, 2005, and the date of his petition, September 10, 2018, during which he was occasionally earning ESC at below Class Level I.

9

As these calculations make clear, the VDOC's projection of Burgess's release date was not contrary to established federal law nor based on any unreasonable determination of fact. Instead, it is clearly supported by the facts of Burgess's Sentencing Orders and VDOC's published guidance on the application of ESC.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Respondents' Motion to Dismiss (ECF No. 5) be GRANTED, and Burgess' Petition (ECF No. 1) DISMISSED with prejudice.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and provide an electronic copy to counsel of record for the Respondent

/s/<br>
Douglas E. Miller<br>
United States Magistrate Judge<br>
DOUGLAS E. MILLER<br>
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 11, 2019

11

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Earl D. Burgess**
1063932
Sussex II State Prison
24427 Musselwhite Dr
Waverly, VA 23891

and an electronic copy was provided to:

**Ann-Marie Catherine White**
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219

Fernando Galindo, Clerk

By_____
/ Deputy Clerk

April 11, 2019